UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASTER PRINTING INNOVATIONS, LLC,  Plaintiff,  v.  XEIKON AMERICA, INC.,  Defendant. | Case No. 15-CV-3998  Hon. Thomas M. Durkin  Trial Date:   Not Yet Set |
| XEIKON AMERICA, INC.,  Counter-Claimant,  v.  RASTER PRINTING INNOVATIONS, LLC,  Counter-Defendant. | |

**DEFENDANT XEIKON AMERICA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE PATENT INFRINGEMENT COMPLAINT OF PLAINTIFF RASTER PRINTING INNOVATIONS, LLC**

Defendant Xeikon America, Inc. ("Xeikon"), by and through its undersigned counsel, hereby responds to Plaintiff Raster Printing Innovations, LLC's ("RPI") Complaint for Patent Infringement ("Complaint") as follows:

**NATURE OF THE LAWSUIT**

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

ANSWER:   Xeikon admits that this is an action for patent infringement. Xeikon admits the Court has jurisdiction over the subject matter of this action. Xeikon denies the remaining allegations in paragraph 1.

## THE PARTIES

2.      RPI is a limited liability company organized under the state of Illinois and having offices at 111 W. Jackson Street, Suite 1700, Chicago, Illinois 60604.

ANSWER:     Xeikon does not possess information sufficient to admit or deny allegations in paragraph 2, and, therefore, denies these allegations.

3.      RPI owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 5,796,411 ("the '411 patent"), entitled "High resolution real time raster image processing system and method," issued August 18, 1998. A copy of the '411 patent is annexed hereto as Exhibit A.

ANSWER:     Xeikon admits that U.S. Patent No. 5, 796, 411 ("the '411 patent") is entitled "High resolution real time raster image processing system and method." Xeikon further admits that, on its face, the '411 patent lists an issue date of August 18, 1998. Xeikon denies the remaining allegations in paragraph 3.

4.      RPI owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 5,828,814 ("the '814 patent"), entitled "Reduced cost high resolution real time raster image processing system and method," issued October 27, 1998. A copy of the '814 patent is annexed hereto as Exhibit B.

ANSWER:     Xeikon admits that U.S. Patent No. 5, 828, 814 ("the '814 patent") is entitled "Reduced cost high resolution real time raster image processing system and method." Xeikon further admits that, on its face, the '814 patent lists an issue date of October 27, 1998. Xeikon denies the remaining allegations in paragraph 4.

5.      RPI owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 5,949,438 ("the '438 patent"), entitled "High resolution real time Raster image processing system and method," issued September 7, 1999. A copy of the '438 patent is annexed hereto as Exhibit C.

ANSWER:     Xeikon admits that U.S. Patent No. 5, 949, 438 ("the '438 patent") is entitled "High resolution real time Raster image processing system and method." Xeikon further admits that, on its face, the '438 patent lists an issue date of September 7, 1999. Xeikon denies the remaining allegations in paragraph 5.

6. Defendant Xeikon is a Delaware Corporation with a place of business at 1375 East Irving Park Road, Itasca, Illinois 60143. Xeikon transacts business and has, at a minimum, offered to provide and/or provided products and/or services in this judicial district and throughout the State of Illinois that infringe the claims of the '411, '814, and '438 patents.

ANSWER: Xeikon admits that it is a corporation incorporated under the laws of Delaware with a principal place of business in Itasca, Illinois. Xeikon admits that it conducts business in Illinois and elsewhere in the United States. Xeikon denies the remaining allegations in paragraph 6.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

ANSWER: Xeikon admits that venue is proper in this judicial district under 28 U.S.C. § 1391. Xeikon denies the remaining allegations in paragraph 7.

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

8. Defendant has infringed claims of the '411, '814 and '438 patents through, among other activities, making, using, selling and offering for sale various models of Xeikon presses and printers in combination with including, but not limited to, XEIKON CHEETAH, Xeikon 3030, Xeikon 3050, Xeikon 3300, Xeikon 3500, Xeikon 8500, Xeikon 8600, Xeikon 9800 in combination with Xeikon X-800 digital front end, and other third party compatible print servers.

ANSWER: Xeikon denies the allegations contained in paragraph 8.

9. The Xeikon X-800 uses a 2x Dual-Core Intel Xeon processor 5260.

ANSWER: Xeikon admits that the Xeikon X-800 currently contains a 2x Dual-Core Intel Xeon processor 5260. Except as so admitted, Xeikon denies the allegations in paragraph 9.

10. The Dual-Core Intel Xeon processor 5260 has a 1333 MHz front side bus.

ANSWER: Xeikon admits that the Dual-Core Intel Xeon processor 5260 is marketed as containing a 1333 MHz front side bus. Except as so admitted, Xeikon denies the allegations in paragraph 10.

11. The Xeikon X-800 is configured to receive layout and composition rules through variable data printing applications.

ANSWER: RPI's use of the term "is configured to receive" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon denies the allegations of paragraph 11.

12. The Xeikon X-800 is configured to receive Job Definition Format ("JDF") files.

ANSWER: RPI's use of the term "is configured to receive" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon admits the allegations of paragraph 12.

13. The Xeikon X-800 has font data memory and is configured to allow users to substitute fonts during raster image processing ("RIP") of files.

ANSWER: RPI's use of the terms "font data memory" and "configured to" are vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon denies the allegations of paragraph 13.

14. The Xeikon X-800 receives image data and font data from databases through variable data printing applications

ANSWER: RPI's allegations call for a legal conclusion to which no response is required. To the extent that any response is required, Xeikon denies the allegations of paragraph 14.

15. The Xeikon X-800 is configured to generate printable bitmaps based on received data.

ANSWER: RPI's use of the term "is configured to generate" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon admits the allegations of paragraph 15.

16. The Xeikon X-800 utilizes functionality of the Adobe PDF Print Engine ("APPE").

ANSWER: RPI's use of the phrase "utilizes functionality" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon denies the allegations of paragraph 16.

17. The Defendant advertises that the Xeikon X-800 includes "powerful screening library [that] help to exploit the 1200 dpi imaging to the fullest. The screen ruling can be adjusted for every image element, ensuring superior image quality."

ANSWER: Xeikon denies the allegations of paragraph 17.

18. The Xeikon X-800 is configured to provide data for over 300 million pixels to the Xeikon 8600 in a second.

ANSWER: RPI's use of the phrase "configured to provide" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon denies the allegations of paragraph 18.

19. The Xeikon 8500 is configured to print 160 pages per minute at 200 grams per square meter.

ANSWER: RPI's use of the term "is configured to print" is vague and ambiguous and may call for a legal conclusion to which no response is required. To the extent that a response is required, Xeikon admits the allegations of paragraph 19.

20. Defendant's infringement has injured and will continue to injure RPI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of products that come within the scope of the '411, '814, and '438 patents.

ANSWER: Xeikon denies the allegations of paragraph 20.

## PRAYER FOR RELIEF

Xeikon denies that RPI is entitled to any of the relief sought in its Prayer for Relief or any other relief.

## JURY DEMAND

Xeikon acknowledges that RPI's Complaint contains a demand for a jury trial.

## AFFIRMATIVE DEFENSES

Xeikon hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Xeikon reserves the right to assert additional defenses and allegations, including allegations of inequitable conduct, as warranted by facts revealed through investigation and discovery.

**I.     NON-INFRINGEMENT**

Xeikon has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by application of the doctrine of equivalents, any valid claim of the '411, '814, or '438 patents (collectively, the "patents-in-suit").

**II.     INVALIDITY**

Each asserted claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims are not patent eligible, are taught by, suggested by, anticipated by, and/or rendered obvious in view of the prior art, because the alleged inventions lack utility, one or more of the claims is not enabled, lack of definiteness and/or are supported by the written description.

**III.     LACHES AND WAIVER**

RPI's claims for patent infringement and/or damages are barred in whole or in part under principles of equity including, without limitation, laches, prosecution laches, waiver, acquiescence, and/or unclean hands. RPI's allegations under the patents-in-suit are barred by the doctrines of laches and waiver due to RPI's, and any of RPI's predecessors-in-interests, knowledge of Xeikon's allegedly infringing actions, and its unjustified and/or unreasonable failure to pursue infringement allegations diligently and timely from the time it became aware it had claims against Xeikon. Xeikon has been materially and economically prejudiced and injured by RPI's, and any of RPI's predecessors-in-interest, unexcused lack of diligence.

**IV.     ESTOPPEL, ACQUIESCENCE AND OTHER EQUITABLE DOCTRINES**

RPI's allegations under the patents-in-suit are barred by the doctrines of estoppel (including legal estoppel, equitable estoppel, and/or implied license by estoppel), acquiescence, and/or other equitable doctrines due to RPI's, and any of RPI's predecessors-in-interests,

knowledge of Xeikon's allegedly infringing actions and RPI's, and any of RPI's predecessors-in-interests, misleading conduct with regard to Xeikon. Xeikon has been materially and economically prejudiced and injured by its reliance on that misleading conduct.

## V. PROSECUTION HISTORY ESTOPPEL AND WAIVER

Due to actions taken during the proceedings before the United States Patent and Trademark Office during the prosecution of the patents-in-suit and the post-grant proceedings before the Patent Trial And Appeal Board, including but not limited to, admissions, representations and amendments, made by the applicants for the patents-in-suit, RPI is estopped from asserting any construction of the asserted claims of the patents-in-suit to cover the allegedly infringing activities and/or products of Xeikon, and/or has waived any right to do so.

## VI. LIMITATIONS ON RECOVERY

RPI has not adequately pled and/or cannot show compliance with 35 U.S.C. § 287. RPI therefore is not entitled to damages arising before filing this action. Any claim by RPI for damages is otherwise limited under 35 U.S.C. § 286. RPI is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## VII. LICENSE AND PATENT EXHAUSTION

RPI is barred from any relief in this action in whole or in part under the doctrines of patent exhaustion, express license, and/or implied license.

## VIII. NO INJUNCTIVE RELIEF

To the extent RPI seeks injunctive relief for alleged infringement, the relief sought by RPI is unavailable because any alleged injury to RPI is not immediate or irreparable, and RPI has an adequate remedy, if any, at law.

**IX.     PATENT MISUSE & UNCLEAN HANDS**

RPI is barred from any relief in this action, and the patents-in-suit are unenforceable under the doctrines of unclean hands and/or patent misuse because, on information and belief, RPI has asserted the patents-in-suit with knowledge that at least one claim in each of these patents is invalid.

## COUNTERCLAIMS

Xeikon brings these counterclaims to obtain a declaratory judgment that: (i) Xeikon's manufacture, use, offer for sale, sale, and importation of any of its products do not infringe any valid claim of the '411, '814, and '438 patents (collectively, "the patents-in-suit"); and (ii) the patents-in-suit are invalid.

**I.     PARTIES**

1.     Xeikon is a Delaware Corporation with a place of business at 1375 East Irving Park Road, Itasca, Illinois 60143.

2.     RPI alleges that it is a limited liability company organized and existing under the laws of the State of Illinois. Upon information and belief, RPI is headquartered at 111 W. Jackson Street, Suite 1700, Chicago, Illinois 60604.

**II.     JURISDICTION AND VENUE**

3.     This Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367(a) because this Counterclaim is related to the claims asserted by RPI in the Complaint against Xeikon.

4.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

**III.     COUNT I: DECLARATORY JUDGMENT OF NON INFRINGEMENT UNDER 35 U.S.C. §271**

5.     Xeikon realleges and incorporates the allegations contained in Paragraphs 1 through 4.

6. RPI alleges in its Complaint that it is the owner of the patents-in-suit.

7. In its Complaint RPI contends that Xeikon has infringed and is infringing all of the patents-in suit. On June 25, 2015, RPI filed a notice of dismissal, without prejudice, of its claim that Xeikon infringes the '814 patent. Xeikon has not infringed and does not infringe any valid and enforceable claim of any of the patents-in-suit, has not induced or contributed to infringement of any such claims, and is not inducing or contributing to infringement of any such claims, either literally or under the doctrine of equivalents.

8. As a result of RPI's infringement allegations, an actual case or controversy exists between Xeikon and RPI with regard to the purported infringement of the patents-in-suit by Xeikon. Absent a declaration of non-infringement, RPI will continue to wrongfully assert the patents-in-suit against Xeikon and possibly others, including its customers, and will thereby continue to cause Xeikon irreparable injury and damage.

9. Xeikon therefore seeks a judicial declaration that it has not infringed and does not infringe the patents-in-suit.

## III. COUNT II: DECLARATORY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. §§ 101, 102, 103 and 112.

10. Xeikon realleges and incorporates the allegations contained in Paragraphs 1 through 9.

11. One or more claims of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. By filing the present action against Xeikon, RPI asserts that the claims of the patents-in-suit are valid. Therefore, an immediate, real, and justiciable controversy exists between Xeikon and RPI with respect to the invalidity of the patents-in-suit.

12. Xeikon is entitled to a declaratory judgment that each claim of the patents-in suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Xeikon prays for judgment and relief as follows:

A. Judgment in Xeikon's favor, and against RPI, thereby dismissing RPI's Complaint in its entirety, with prejudice, with RPI to take nothing from its claims;

B. Find that the patents-in-suit are not infringed, either literally or under the doctrine of equivalents, whether directly, by inducement, or contributorily, by any actions of Xeikon or its customers, suppliers, vendors, users, licensees, vendees, or others using Xeikon's products either alone or in combination with other products;

C. Find that each of the claims of the patents-in-suit is invalid and/or unenforceable, as alleged herein;

D. Deny all of RPI's requests for injunctive or other equitable relief;

E. A judicial declaration that Xeikon does not infringe the patents-in-suit;

F. Declare that this case is exceptional under 35 U.S.C. § 285 and award Xeikon its costs, attorneys' fees, and expenses; and

G. Grant Xeikon such other or further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Xeikon hereby demands a trial by jury of all triable issues.

Date: July 13, 2015

Respectfully submitted,

*/s/ Jennifer A. Trusso*
Jennifer A. Trusso, *Admitted Pro Hac Vice*
jtrusso@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
650 Town Center Drive, 4th Floor

Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Andre De La Cruz, *Admitted Pro Hac Vice*
adelacruz@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Kenneth Rechtoris
krechtoris@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON, LLP
70 W. Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

Attorneys for Defendant
Xeikon America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically on this 13th day of July, 2015.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

/s/ *Jennifer A. Trusso*
Attorney for Defendant
Xeikon America, Inc.